UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Goodbye Vanilla, LLC,　　　　　　　　　　　　Case No. 16-cv-0013 (WMW/SER)

　　　　　Plaintiff,

　v.　　　　　　　　　　　　　　　　　**ORDER ADOPTING REPORT AND**
　　　　　　　　　　　　　　　　　　　**RECOMMENDATION AS MODIFIED**

Aimia Proprietary Loyalty U.S. Inc.,

　　　　　Defendant.

---

　　　　This matter is before the Court on the September 8, 2016 Report and Recommendation ("R&R") of United States Magistrate Judge Steven E. Rau.  (Dkt. 77.) No objections to the R&R have been filed in the time period permitted.  In the absence of timely objections, this Court reviews an R&R for clear error.  *See* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996).

　　　　The R&R recommends that Defendant Aimia Proprietary Loyalty U.S. Inc.'s motion to strike Plaintiff Goodbye Vanilla, LLC's jury demand be granted with respect to Counts I through IV and IX of the Complaint and denied without prejudice with respect to Counts V through VIII.  The Court finds no clear error with respect to the R&R's conclusions that (1) the contractual jury-trial waiver contained in the parties' nondisclosure agreement ("NDA") is valid and enforceable against Goodbye Vanilla and (2) that waiver is effective with respect to Counts I through IV and IX of the Complaint,

each of which is premised on Aimia's alleged unauthorized disclosure of Goodbye Vanilla's confidential and proprietary information in violation of the NDA.

However, the R&R's conclusion that the information in the record does not permit a determination regarding whether the jury-trial waiver is effective as to Counts V through VIII is clearly erroneous.  Counts V through VIII are based on Goodbye Vanilla's allegations that the parties reached other agreements, in addition to the NDA, which also were breached by Aimia.  The magistrate judge concluded that "[g]iven the rather early stage of this litigation and the minimal information before the Court at this time, the relationship between the jury waiver in the NDA and those additional agreements and obligations (the existence or validity of which Aimia may dispute) is not yet clear."  But a jury-trial waiver in a contract between two parties does not extend to claims arising under other contracts between the same parties.  *See Bank of Am., N.A. v. JB Hanna, LLC*, 766 F.3d 841, 849-50 (8th Cir. 2014).  Regardless of whether Aimia eventually disputes the existence of any other unwritten agreement between the parties, the scope of the NDA's jury-trial waiver can extend only to disputes arising under the NDA.  To the extent that Goodbye Vanilla alleges the existence and breach of other unwritten agreements between the parties, the NDA's jury-trial waiver does not extend to those alleged agreements.

## ORDER

Based on the R&R of the magistrate judge and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. The September 8, 2016 Report and Recommendation, (Dkt. 77), is **ADOPTED AS MODIFIED** as set forth herein;

2. Defendant Aimia Proprietary Loyalty U.S. Inc.'s motion to strike Goodbye Vanilla's jury demand, (Dkt. 50), is **GRANTED** with respect to Counts I, II, III, IV and IX of the Complaint; and

3. Defendant Aimia Proprietary Loyalty U.S. Inc.'s motion to strike Goodbye Vanilla's jury demand, (Dkt. 50), is **DENIED** with respect to Counts V, VI, VII and VIII of the Complaint.

Dated:  November 2, 2016         s/Wilhelmina M. Wright
                      Wilhelmina M. Wright
                      United States District Judge